IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

**TANIKA SHUNTA CRAIG,**

      Plaintiff,

v.                                         Case 2:17-cv-02522-SHM-cgc

**TENNESSEE DEPARTMENT OF
CHILDREN'S SERVICES,**

      **Defendant.**

---

### REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION TO AMEND

### ORDER TO SERVE PROCESS

---

Before the Court is Defendant's Motion to Dismiss the Amended Complaint (Docket Entry "D.E." #12) and Plaintiff's Motion to Amend Complaint (D.E. #15). The instant motions were referred to the United States Magistrate Judge for Report and Recommendation. (D.E. #4). For the reasons set forth herein, it is RECOMMENDED that Plaintiff's Motion to Amend Complaint be DENIED. It is further ORDERED that Plaintiff be permitted thirty days within which to effectuate proper service upon DCS.

I.     Introduction

On July 21, 2017, Plaintiff Tanika Shunta Craig filed a *pro se* Complaint against Tennessee Department of Children's Services ("DCS"), Tipton County, and Mary Beth Duke ("Duke") alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et*

1

*seq*. ("Title VII"). Plaintiff attached a Dismissal and Notice of Rights issued by the Equal Employment Opportunity Commission ("EEOC") in Charge 490-2016-00463 on May 17, 2017. (Compl. at Exh. 1).

On September 7, 2017, Plaintiff filed a *pro se* Amended Complaint against DCS, which also alleged violations of Title VII. Specifically, Plaintiff alleges that she sought employment at DCS in Tipton County, Tennessee at that the department failed to hire her, terminated her employment, and provided unequal terms of employment to her. (Am. Compl. ¶¶ 5, 6).[1] She alleges that these acts occurred from November 2014 through her termination date of February 10, 2015 and constituted discrimination on the basis of race and color. (Am. Compl. ¶¶ 7, 10). As factual support for her claims, she alleges that her employment was terminated by Duke, West Tennessee Regional Investigations Director at DCS, who is Caucasian. (Am. Compl. ¶ 10). She alleges that the termination occurred during her final panel assessment at which she was told that she did "not answer any of the questions wrong" but that she would not be a "good fit for the Department." (*Id*.) She alleges that she had already been employed by DCS in Shelby County, Tennessee from 2005 until 2010 in a "similar position" with the "same job description of a Child Protective Services Investigator." (*Id*.) She also alleges that her immediate supervisor, Latoya Ward, told her that she did not do anything wrong or answer anything incorrectly. (*Id*.) She also alleges that she had completed her core training, which required driving back and forth to Nashville, and that her instructor, Todd Love, advised that she passed "with flying colors." (*Id*.)

---

[1] Although the failure-to-hire claim seems inconsistent with the termination claim and unequal-terms-of-employment claim, Defendant attempts to clarify by explaining that she was a "probationary employee terminated during her final panel assessment before the probationary period ended." (Def.'s Memorandum in Support of Mot. to Dismiss Am. Compl., at 2, n.2).

Plaintiff further alleges that, despite her past experience with DCS in Shelby County and strong performance in Tipton County and in training, she was discriminated against in the Tipton County office by Duke and Stephen Shoffer ("Shoffer"), who was also Caucasian. (*Id.*) She alleges that Shoffer made "slurred comments," referred to himself as a "modern day George Zimmerman," stated that his "grandfather hated blacks." (*Id.*) She alleges that she was trained by Shoffer despite her position of Investigator 3 being higher than his position of Investigator 2. (*Id.*) She alleges that Duke made her give up her office to accommodate Shoffer and that she was placed in a "very much smaller" office in another building. (*Id.*) She also alleges that Shoffer spoke to a DCS employee in Lauderdale County who was Caucasian and was recently hired by DCS and "told her to ask [Duke] if she could be placed in Tipton County . . . where all the White folks were" so that Plaintiff "could go be in Lauderdale County where all the black folks were." (*Id.*) Plaintiff alleges that she was "humiliated the entire time" she worked in Tipton County and felt that Stoffer jeopardized her job by lying about her to Duke. (*Id.*) She alleges that she had been told by an employee that another African American employee had been terminated and that it seemed that Duke and Shoffer "constantly ran off anyone who was not Caucasian." (*Id.*)

On October 3, 2017, DCS filed its Motion to Dismiss the Amended Complaint ("Motion to Dismiss") pursuant to Rules 12(b)(1) and 12(b)(5) of the Federal Rules of Civil Procedure. DCS asserts that it has not been properly served with process in accordance with Rule 4(j) of the Federal Rules of Civil Procedure. In the alternative, DCS includes Plaintiff's EEOC Charge of Discrimination and argues that it failed to allege discrimination on the basis of color, discrimination based on a failure to hire, or discrimination in the unequal terms and conditions of

3

employment. (Def.'s Mot. to Dismiss, Exh. 1). Thus, Defendant argues that Plaintiff may not pursue these claims in this Court.

On December 6, 2017, Plaintiff filed a Motion for Permission to Amend the Complaint ("Motion to Amend"). (D.E. #15). Plaintiff alleges that, since she filed her Initial Complaint, "new facts about the Defendant's conduct have emerged" and justice requires that she be permitted the amendment. As an exhibit, Plaintiff attaches her Proposed Second Amended Complaint, which again names Duke as a Defendant and, for the first time, also names Shoffer as a Defendant. (Pl.'s Mot to Amend, Exh. 1). She alleges discrimination based only upon termination of her employment. (*Id*. ¶ 6). She also includes the majority of the factual allegations as contained in her Amended Complaint. (*Id*. at PageID 49).[2]

Also on December 6, 2017, this Court issued an Order to Show Cause to Plaintiff requiring her to respond to Defendant's Motion to Dismiss by December 20, 2017. (D.E. #14). On December 16, 2017, Plaintiff responded to this Court's Order to Show Cause and Defendant's Motion to Dismiss ("Plaintiff's Response"). The style of Plaintiff's Response listed the "State of Tennessee Attorney General Office and Reporter" as the Defendant. Plaintiff's Response further stated that she attempted to serve Defendant by sending certified mail to the "Tennessee Department of Children Services' Attorney General's office." (Resp. to Mot. to Dismiss at 1). She stated that it was her understanding that this was the correct address but that, since the Order to Show Cause, she has "reissued and reserved." (*Id*.) As Exhibit A to her Response, Plaintiff attaches a United States Postal Service certified mail receipt addressed to "Office of the Attorney General, P.O. Box 20207, Nashville, TN, 37202-0207." (*Id*. at 3).

---

[2] It appears that Plaintiff did not include Page 4 of the Court's *pro se* Title VII Complaint form, which asks for the basis of the discrimination and the facts of her case. (*See* Compl. at 4; Am. Comp. at 4; Def.'s Reply at 2).

On March 1, 2018, DCS filed a Reply in Support of its Motion to Dismiss and a Response in Opposition to Plaintiff's Motion to Amend. (D.E. #21). DCS asserts that its Motion to Dismiss should be granted because Plaintiff has failed to cure service of her Amended Complaint. DCS further opposes Plaintiff's Motion to Amend and asserts that the proposed amendments are futile because they add no new allegations and fail to state claims against the proposed new Defendants Duke and Shoffer. DCS argues that, despite Plaintiff's claims that the Proposed Second Amended Complaint contained "new facts about the Defendant's conduct [that] have emerged to justify amendment, Plaintiff fails to include any new factual allegations in the Proposed Second Amended Complaint. DCS argues that the Proposed Second Amended Complaint fails to indicate whether Duke and Shoffer are sued in the individual or official capacities or both; however, regardless, DCS asserts that the Proposed Second Amended Complaint fails to state a claim against Duke and Shoffer because there is no individual liability under Title VII. DCS also argues that Plaintiff's attempt to "unilaterally change[]" the Defendant to the Office of the Attorney General must fail because she has no claim against it and, even if she did, that she failed to exhaust her administrative remedies and establish the jurisdiction of this Court by means of an EEOC issued Dismissal and Notice of Rights as to it.

## II. Proposed Analysis

### A. *Plaintiff's Motion to Amend*

The Court will first consider Plaintiff's Motion to Amend, as it will determine the operative pleading in this case. This request is governed by Rule 15(a)(2). Although leave to amend should be freely granted, Fed. R. Civ. P. 15(a), such leave should not be granted in cases of "undue delay, undue prejudice to the opposing party, bad faith, dilatory motive, repeated

failure to cure deficiencies by amendments previously allowed, or futility." *Foman v. Davis*, 371 U.S. 178 (1962).

Here, Plaintiff's basis for seeking leave to amend is based upon the alleged discovery of new factual information; however, Plaintiff's Proposed Second Amended Complaint does not contain any new factual allegations. Instead, it contains verbatim the same allegations as the Amended Complaint.[3] The only actual proposed amendment that varies from the Amended Complaint is to add Duke and Shoffer as Defendants. Although Plaintiff does not specify whether she seeks to add them as defendants in their individual or official capacities, either amendment would be futile. There is no individual liability under Title VII such that a supervisor or co-worker may be held personally liable because they do not meet the definition of an "employer." *Wathen v. General Elec. Co.*, 115 F.3d 400, 404 (6th Cir. 1997). Further, a Title VII suit against supervisor in his or her official capacity is treated as suit against employer itself. *Jennifer Maudlin v. Inside Out Inc.*, No. 3:13-CV-00354-TMR, 2014 WL 1342883, at *3-*4 (S.D. Ohio April 3, 2014) (holding that "an official capacity suit is redundant and duplicative of the suit" against the employer). Accordingly, it is RECOMMENDED that Plaintiff's Motion to Amend be DENIED.

### B. *DCS's Motion to Dismiss*

Rule 12(b)(5) of the Federal Rules of Civil Procedure allows a party to assert the defense of insufficient service of process by motion. Fed. R. Civ. P. 12(b)(5). "A state, a municipal corporation, or any other state-created governmental organization that is subject to suit must be served by: (A) delivering a copy of the summons and of the complaint to its chief executive

---

[3] The only difference between the factual allegations of the Amended Complaint and the Proposed Second Amended Complaint is that the latter is missing page four of the Court's *pro se* Title VII Complaint form.

officer; or, (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant." Fed. R. Civ. P. 4(j). Tennessee state law further requires that the State of Tennessee or any agency thereof may be served "by delivering a copy of the summons and of the complaint to the attorney general or to any assistant attorney general." Tenn. R. Civ. P. 4.04(6). "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).

Pleadings and documents filed by pro se litigants are to be "liberally construed," and a "pro se complaint . . . must be held to a less stringent standard than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, "the lenient treatment generally accorded to pro se litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)). Pro se litigants are generally expected to adhere to "readily comprehended court deadlines" that do not require "legal training" to understand." *Jourdan*, 951 F.2d at 110.

Here, Plaintiff initially obtained a Summons in a Civil Action on September 7, 2017 directed to "Tennessee Department of Children Services, USB Tower, 10th Floor, 315 Deadrick Street, Nashville, TN 37243." (D.E. #10). On September 26, 2017, this summons was returned executed. (D.E. #11). It was signed by Rachael Holloway who is listed as an "addressee" (rather than "agent") at the listed address and whose job title with DCS is unknown. (*Id*.) Following the filing of DCS's Motion to Dismiss, Plaintiff obtained an Amended Summons in a

7

Civil Action on December 14, 2017 listing Defendant as "Office of the Attorney General, State of Tennessee," which was directed to "Office of the Attorney General and Reporter, P.O. Box 20207, Nashville, TN 37202-0207." (D.E. #17). This second summons was returned executed on December 27, 2017 and was signed by Harry Sherrell, whose status as either or an agent or address is not marked and whose job title at the Office of the Attorney General is unknown.

Although Plaintiff has not contested whether service of process has been properly effectuated, it appears that Plaintiff made a genuine, albeit insufficient, attempt to effectuate service of process upon DCS before the ninety-day deadline expired. After DCS filed its Motion to Dismiss alleging insufficient service of process, Plaintiff obtained an amended summons and appears to have made a second genuine attempt to effectuate service upon the Office of the Attorney General of the State of Tennessee, although the address Plaintiff used does not match the address on this Court's docket for the Attorney General. Under such circumstances, this Court could either dismiss Plaintiff's Complaint without prejudice, which would allow her to refile her claim, or order that service be made within a specified time. The Court concludes that it is most appropriate to ORDER Plaintiff to properly effectuate service within 30 days of the entry of this Order pursuant to Rule 4(j) of the Federal Rules of Civil Procedure and/or Rule 4.04(6) of the Tennessee Rules of Civil Procedure as set forth above. Should Plaintiff fail to comply with this Court's Order, Plaintiff is advised that this Court will recommend that DCS's Motion to Dismiss be granted without prejudice.

**III. Conclusion**

For the reasons set forth herein, it is RECOMMENDED that Plaintiff's Motion to Amend be GRANTED, and it is ORDERED that Plaintiff properly effectuate service of process within thirty days of the entry of this Order.

**DATED** this 19th day of June, 2018.

s/ Charmiane G. Claxton
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**