IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| TANIKA SHUNTA CRAIG, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    No. 2:17-cv-02522-SHM-cgc |
| | ) |
| TENNESSEE DEPARTMENT OF | ) |
| CHILDREN'S SERVICES, | ) |
| | ) |
|     Defendant. | ) |

**ORDER**

Before the Court is the Magistrate Judge's Report and Recommendation, dated June 19, 2018 (the "Report"). (ECF No. 22.) The Report recommends that the Court deny Plaintiff Tanika Shunta Craig's Motion to Amend (ECF No. 15),[1] and that "Plaintiff properly effectuate service of process within thirty days" of the Report. (ECF No. 22 at 78.)[2] Neither party has objected to the Report.

For the following reasons, the Report is ADOPTED.

---

[1] The Report reasons that Plaintiff's Motion to Amend ought to be denied. The Report's conclusion, however, contains the inconsistent statement that Plaintiff's Motion to Amend ought to be granted. (See ECF No. 22 at 78.) The Court understands the Report to recommend denial.

[2] Unless otherwise noted, all pin cites for record citations are to the "Page-ID" page number.

**I. Background**

On July 21, 2017, Plaintiff filed a *pro se* Complaint against Tennessee Department of Children's Services ("Tennessee DCS"), Mary Beth Duke, and Tipton County alleging racial discrimination, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e to 2000e-17 ("Title VII"). (ECF No. 1.)

On July 21, 2017, Plaintiff also applied to proceed *in forma pauperis*. (ECF No. 2.) On July 24, 2017, the Court denied Plaintiff's motion to proceed *in forma pauperis* and directed Plaintiff to pay the filing fee. (ECF No. 7.)

On September 7, 2017, Plaintiff filed an Amended Complaint. (ECF No. 9.) The Amended Complaint names Tennessee DCS as the only defendant. (Id. at 21.) The Amended Complaint alleges that Tennessee DCS discriminated against Plaintiff on the basis of race and color. (Id. at 24.)

On October 3, 2017, Tennessee DCS filed a Motion to Dismiss. (ECF No. 12; see also ECF No. 13.) The Motion to Dismiss argues that the Court should dismiss Plaintiff's Amended Complaint under Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process, and under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. (ECF No. 13 at 37-39.)

On December 6, 2017, Plaintiff filed the Motion to Amend. (ECF No. 15.) The Motion to Amend alleges that "since filing the initial Complaint, new facts about the Defendant's conduct have emerged." (Id. at 44.) Plaintiff attaches her Proposed Second Amended Complaint, which names Tennessee DCS and Mary Beth Duke as defendants, and, for the first time, names Stephen Shoffer as a defendant. (See ECF No. 15-1.)

On December 6, 2017, the Court entered an Order to Show Cause. (ECF No. 14.) The Order to Show Cause required Plaintiff to respond to Tennessee DCS's Motion to Dismiss by December 20, 2017. (ECF No. 14 at 42.)

On December 14, 2017, Plaintiff responded to Tennessee DCS's Motion to Dismiss. (ECF No. 18.) Plaintiff's Response lists the "State of Tennessee Attorney General Office and Reporter" as the defendant. (Id. at 57.) Plaintiff's Response represents that she has attempted to serve the defendant by "[sending] this by certified mail to the Tennessee Department of Children Services' Attorney General's office. It was to my understanding that this was the correct address. Since the Show Cause Order, I have reissued and reserved." (Id. at 57.) Attached to Plaintiff's Response is a United States Postal Service certified mail receipt addressed to "Office of the Attorney General, P.O. Box 20207, Nashville, TN 37202-0207." (Id. at 59.)

3

Tennessee DCS replied on March 1, 2018.  (ECF No. 21.)  The Reply argues that DCS's Motion to Dismiss should be granted because "Plaintiff has no claim against the Office of the Attorney General and even if she did, she failed to exhaust administrative remedies and fails to establish the jurisdiction of this Court with proof of a Right to Sue the Office of the Attorney General."  (Id. at 67.)  The Reply contends that Plaintiff's Motion to Amend should be denied because "Plaintiff fails to include any new factual allegations in the proposed Second Amended Complaint."  (Id.)

On June 19, 2018, United States Magistrate Judge Charmiane G. Claxton entered the Report.  (ECF No. 22.)  The Report recommends that Plaintiff's Motion to Amend be denied because "Plaintiff's Proposed Second Amended Complaint does not contain any new factual allegations."  (Id. at 75.)  The Report orders Plaintiff to properly serve Tennessee DCS within 30 days of the entry of the Report.  (Id. at 77.)  "Should Plaintiff fail to comply with [the Report], Plaintiff is advised that this Court will recommend that DCS's Motion to Dismiss be granted without prejudice."  (Id.)

**II. Analysis**

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of district-court duties to magistrate judges.  See United States v. Curtis,

4

237 F.3d 598, 602 (6th Cir. 2001) (citing Gomez v. United States, 490 U.S. 858, 869-70 (1989)); see also Baker v. Peterson, 67 F. App'x 308, 310 (6th Cir. 2003). A district court has the authority to "designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion." 28 U.S.C. § 636(b)(1)(B).

The district court has appellate jurisdiction over any decisions the magistrate judge issues pursuant to a referral. 28 U.S.C. § 636(b); Fed. R. Civ. P. 72. "A district judge must determine *de novo* any part of a Magistrate Judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(C). The district court is not required to review -- under a *de novo* or any other standard -- "any issue that is not the subject of an objection." Thomas v. Arn, 474 U.S. 140, 150 (1985). The district court should adopt the findings and rulings of the Magistrate Judge to which no specific objection is filed. Id.; United States v. Walters, 638 F.2d 947, 950 (6th Cir. 1981.)

Neither party has objected to the Report, and the deadline to do so under Local Rule 72.1 has passed. See also 28 U.S.C. § 636(b)(1)(C). Adoption of the Report's recommendations is apprpriate. See Arn, 474 U.S. at 150-51.

5

For the foregoing reasons, the Report is ADOPTED.

**III. Conclusion**

For the foregoing reasons, the Report is ADOPTED. Plaintiff's Motion to Amend is DENIED. Plaintiff is ORDERED to serve Tennessee DCS by July 19, 2018.

So ordered this 10th day of July, 2018.

/s/ Samuel H. Mays, Jr.
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE
