IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

**TANIKA SHUNTA CRAIG,**

        **Plaintiff,**

**v.**　　　　　　　　　　　　　　　　　　　**Case 2:17-cv-02522-SHM-cgc**

**TENNESSEE DEPARTMENT OF
CHILDREN'S SERVICES,**

        **Defendant.**

---

**REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO DISMISS
AMENDED COMPLAINT OR, IN THE ALTERNATIVE, MOTION FOR MORE
DEFINITE STATEMENT**

---

Before the Court is Defendant Tennessee Department of Children's Services' ("DCS" or "Defendant") Motion to Dismiss Amended Complaint or, in the Alternative, Motion for More Definite Statement ("Second Motion to Dismiss"). (Docket Entry "D.E." #31). The instant motion has been referred to the United States Magistrate Judge for Report and Recommendation.[1]  For the reasons set forth herein, it is RECOMMENDED that Defendant's Motion be DENIED.

**I.       Introduction**

On July 21, 2017, Plaintiff Tanika Shunta Craig filed a *pro se* Complaint. On September 7, 2017, Plaintiff filed a *pro se* Amended Complaint, which also alleged violations of Title VII.

---

[1] **Error! Main Document Only.** The instant case has been referred to the United States Magistrate Judge by Administrative Order 13-05 pursuant to the Federal Magistrates Act, 28 U.S.C. §§ 631-639. All pretrial matters within the Magistrate Judge's jurisdiction are referred pursuant to 28 U.S.C. § 636(b)(1)(A) for determination, and all other pretrial matters are referred pursuant to 28 U.S.C. § 636(b)(1)(B)-(C) for report and recommendation.

On October 3, 2017, DCS filed its initial Motion to Dismiss the Amended Complaint ("First Motion to Dismiss") pursuant to Rules 12(b)(1) and 12(b)(5) of the Federal Rules of Civil Procedure. DCS asserted, *inter alia*, that it had not been properly served with process in accordance with Rule 4(j) of the Federal Rules of Civil Procedure. On December 6, 2017, Plaintiff filed a Motion for Permission to Amend the Complaint ("Motion to Amend") (D.E. #15), and this Court issued an Order to Show Cause to Plaintiff requiring her to respond to Defendant's Motion to Dismiss by December 20, 2017. (D.E. #14).

On December 16, 2017, Plaintiff responded to this Court's Order to Show Cause and Defendant's Motion to Dismiss ("Plaintiff's Response"). The style of Plaintiff's Response listed the "State of Tennessee Attorney General Office and Reporter" as the Defendant. Plaintiff's Response further stated that she attempted to serve Defendant by sending certified mail to the "Tennessee Department of Children Services' Attorney General's office." (Resp. to Mot. to Dismiss at 1). She stated that it was her understanding that this was the correct address but that, since the Order to Show Cause, she has "reissued and reserved." (*Id.*) As Exhibit A to her Response, Plaintiff attaches a United States Postal Service certified mail receipt addressed to "Office of the Attorney General, P.O. Box 20207, Nashville, TN, 37202-0207." (*Id.* at 3).[2][3]

On June 19, 2018, the Magistrate Judge issued a Report and Recommendation on Plaintiff's Motion to Amend and an Order to Serve Process. (D.E. #22). The Magistrate Judge

---

[2] As noted, *infra*, n. 5, this is the address listed for the Office of the Attorney General for the State of Tennessee ("Office of the Attorney General") on its website, including as the mailing address under the section entitled "Contact Us."

[3] In its March 1, 2018 Reply in support of its Motion to Dismiss, DCS also argues that Plaintiff's attempt to "unilaterally change[]" the Defendant to the Office of the Attorney General must fail because she has no claim against it and, even if she did, that she failed to exhaust her administrative remedies and establish the jurisdiction of this Court by means of an EEOC issued Dismissal and Notice of Rights as to it.

recommended denying Plaintiff's Motion to Amend as futile and ordered that Plaintiff properly effectuate service within thirty days of the entry of the Order pursuant to Rule 4(j) of the Federal Rules of Civil Procedure and/or Rule 4.04(6) of the Tennessee Rules of Civil Procedure. The Magistrate Judge stated that, "[s]hould Plaintiff fail to comply with this Court's Order, Plaintiff is advised that this Court will recommend that DCS's Motion to Dismiss be granted without prejudice." On July 10, 2018, over no objections, the District Court adopted the Magistrate Judge's Report and Recommendation on Plaintiff's Motion to Amend. (D.E. #23).

On July 12, 2018, an "Alias" Summons[4] was issued as to the Tennessee Department of Children's Services. (D.E. #24, #25). On July 20, 2018, the District Court entered an Order dismissing the case without prejudice for insufficient service of process pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure. Judgment was also entered on July 20, 2018. On July 23, 2018, summons was returned executed to "State of Tennessee Office of the Attorney General, 500 Charlotte Ave., Nashville, TN, 37242." (D.E. #28). On July 25, 2018, Plaintiff filed a Motion for Reconsideration of the District Court's Order on Motion to Dismiss. (D.E. #30).

On July 26, 2018, the District Court granted Plaintiff's Motion for Reconsideration, finding that "Plaintiff abided by the Court's Order to serve Defendant by July 19, 2018" by mailing a copy of the complaint and summons to Defendant on July 10, 2018, which was received by Defendant on July 17, 2018. The Court further reasoned that, "[a]lthough Plaintiff should have informed the Court that she had effected service by mail before July 19, 2018, the

---

[4] The style of the Summons in a Civil Action states the parties as "Tanika Shunta Craig" and "State of Tennessee Office of the Attorney General" with the word "(Alias)" hand-written beneath. (D.E. #24, #25).

Court holds Plaintiff to less stringent standards because she is proceeding *pro se*." The District Court then directed the Clerk to reopen the case.

On August 3, 2018, Defendant its Second Motion to Dismiss, which seeks dismissal pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure. DCS asserts that "Plaintiff's attempt at perfecting service of process is still insufficient because both the Amended Complaint and the Summons listed 'State of Tennessee Attorney General [sic] Office and Reporter' as the defendant in this cause" although "[t]here is no pleading in the record that names the Attorney General's Office as the defendant, Plaintiff has no right to sue the Attorney General's Office, and there are no allegations against the Attorney General's Office in the 'Amended Complaint' that was served upon the Attorney General's Office." Defendant's Motion further argues that, "[f]or clarity of the record and to give proper notice of her claims, the undersigned respectfully requests that Plaintiff be made to serve a correct Summons and Amended Complaint . . . on DCS or provide a more definite statement of her claims against the Attorney General's Office if she intends to name it as a defendant in this cause."

On August 20, 2018, Plaintiff filed her Response stating that she sent certified mail to the "State of Tennessee Attorney General's Office, TN Department of Children Services" on July 10, 2018, which was signed by the Attorney General's Office on July 17, 2018. She asserts that this was completed before the 30-day time period expired on July 19, 2018. Thus, she argues that her case should not be dismissed. On August 31, 2018, Defendant filed its Reply stating that Plaintiff's Response "provides no substantive response or explanation for her deficiencies in service of process or in identifying what claims she is asserting against what parties."

4

Defendant's Reply further states that "Plaintiff's response provides documentation that she served a summons upon the Office of the Attorney General."[5]

## II. Analysis

Rule 12(b)(5) of the Federal Rules of Civil Procedure allows a party to assert the defense of insufficient service of process by motion. Fed. R. Civ. P. 12(b)(5). "A state, a municipal corporation, or any other state-created governmental organization that is subject to suit must be served by: (A) delivering a copy of the summons and of the complaint to its chief executive officer; or, (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant." Fed. R. Civ. P. 4(j). Tennessee state law further requires that the State of Tennessee or any agency thereof may be served "by delivering a copy of the summons and of the complaint to the attorney general or to any assistant attorney general." Tenn. R. Civ. P. 4.04(6). "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).

Here, the District Court has already concluded in its July 26, 2018 Order that Plaintiff "timely served Defendant" and that Defendant's First Motion to Dismiss should be "DENIED insofar as it seeks to dismiss the case pursuant to Rule 12(b)(5)." Thus, the District Judge has already reached a determination on this issue.

---

[5] On September 10, 2018, Plaintiff filed a sur-reply to Defendant's Motion; however, as sur-replies are not authorized under Local Rule 12.1 absent leave of Court, the Magistrate Judge RECOMMENDS that it should not be considered.

Further, Rule 4(j) of the Federal Rules of Civil Procedure allows service upon a "state, municipal corporation, or any other state-created governmental organization" by "serving a copy of [the summons and of the complaint] . . . in the manner prescribed by that state's law for serving a summons or like process on such a defendant." Fed. R. Civ. P. 4(j)(2)(A)-(B). Proper service upon DCS under Tennessee law is governed by Rule 4.04(6) of the Tennessee Rules of Civil Procedure, which provides that a plaintiff is required to serve "a copy of the summons and of the complaint to the attorney general of the state or to any assistant attorney general."

In consideration thereof, the Magistrate Judge's June 19, 2018 Order to Serve Process ordered service pursuant to both of these rules, noting only that, to date, Plaintiff had not used the address for the Office of the Attorney General for the State of Tennessee as it is listed on this Court's docket.[6] It appeared at that time that, perhaps, that was the only issue. Proceeding to consider the filings to date, Plaintiff's latest attempt also did not use the address for the Office of the Attorney General on this Court's docket; instead, Plaintiff utilized the address of the John Sevier State Office Building,[7] where the Office of the Attorney General has historically been located, although apparently is temporarily not be in use due to renovations.[8]

---

[6] The Court notes, however, that Plaintiff did make that attempt to serve the Attorney General's Office at the address listed on its own website, including the mailing address listed under the "Contact Us" section. *See* https://www.tn.gov/attorneygeneral.html & https://www.tn.gov/attorneygeneral/contact-us.html (last visited Oct. 2, 2018).

[7] *See* https://www.nashvilledowntown.com/go/john-sevier-state-office-building (last visited Oct. 2, 2018), listing the address of the John Sevier State Office Building as 500 Charlotte Avenue, Nashville, Tennessee, 37219. *See also* D.E. #23 (listing the address for Plaintiff's proof of service as same).

[8] *See* https://www.tennessean.com/story/news/2017/11/28/tennessee-attorney-general-office-mold-john-sevier-building/903354001/ (last visited Oct. 2, 2018).

Ultimately, Defendant does not even argue that the latest address Plaintiff used is incorrect. Defendant argues that the "Summons provided failed to name the correct party-defendant and the Amended Complaint accompanying the Summons also failed to name the correct party-defendant." (*See* Def.'s Second Mot. to Dismiss at Exh. A) (listing "State of Tennessee Office of the Attorney General" as the defendant on the Summons and Amended Complaint). The Court believes that the confusion on this issue is clear—Plaintiff has been directed to *serve* the Office of the Attorney General. She is proceeding *pro se*, has attempted to direct service to the proper entity, and erroneously also listed the Office of the Attorney General as the defendant. Plaintiff's Amended Complaint clearly sets forth here allegations against DCS, which is the defendant of record. Further, as already stated above, the District Court has concluded that Plaintiff has effectuated service in doing so. Thus, the remedy of dismissal is unduly harsh based upon Plaintiff's consistent attempts to properly serve DCS. Accordingly, the Magistrate Judge RECOMMENDS that the instant motion should be DENIED.

With respect to Defendant's request for a "more definite statement of her claims against the Attorney General's Office if she intends to name it as a defendant in this cause," it appears clear to the Court based upon the foregoing that Plaintiff is not trying to sue the Office of the Attorney General but merely to serve it consistent with Rule 4(j) of the Federal Rules of Civil Procedure and Rule 4.04(6) of the Tennessee Rules of Civil Procedure. Thus, it is RECOMMENDED that this request also be DENIED.

### III.     Conclusion

For the reasons set forth herein, it is RECOMMENDED that Defendant's Motion to Dismiss  Amended Complaint or, in the Alternative, for a More Definite Statement be DENIED.

Signed this 4th day of October, 2018.

>   s/ Charmiane G. Claxton
>   CHARMIANE G. CLAXTON
>   UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE SAID OBJECTIONS OR EXCEPTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL**