# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| TANIKA SHUNTA CRAIG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:17-cv-02522-SHM-cgc |
| | ) |
| TENNESSEE DEPARTMENT OF | ) |
| CHILDREN'S SERVICES, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

Before the Court is the Magistrate Judge's Report and Recommendation (the "Report"), dated October 4, 2018. (ECF No. 36.) The Report recommends denying Defendant Tennessee Department of Children's Services' ("Tennessee DCS") Motion to Dismiss or, Alternatively, Motion for More Definite Statement. (Id. at 138.)[1] Tennessee DCS objected to the Report on October 17, 2018. (ECF No. 37.) Plaintiff Tanika Shunta Craig ("Craig") has not responded and the time to do so has passed.

For the following reasons, the Report's recommendation is ADOPTED. Tennessee DCS's Motion is DENIED.

---

[1] Unless otherwise noted, all pin cites for record citations are to the "PageID" page number.

## I. Background

On July 21, 2017, Craig filed a *pro se* Complaint against Tennessee DCS alleging violations of Title VII. (ECF No. 1 at 1.) Craig filed a *pro se* First Amended Complaint on September 7, 2017 that again named Tennessee DCS as the defendant. (ECF No. 9.) The Summons naming Tennessee DCS as the defendant was served on someone[2] at Tennessee DCS's Nashville office. (ECF No. 10.) On October 3, 2017, Tennessee DCS moved to dismiss the Amended Complaint for insufficient service of process because the Amended Complaint and Summons had not been delivered to Tennessee DCS's chief executive officer or to the Tennessee Office of the Attorney General as required by Federal Rule of Civil Procedure 4(j)(2). (ECF No. 13 at 38.) Craig did not respond by the deadline.

On December 6, 2017, the Magistrate Judge issued an Order to Show Cause requiring Craig to respond to Tennessee's DCS's motion by December 20, 2017. (ECF No. 14.) Also on December 6, 2017, Craig filed a *pro se* Motion to Amend Complaint. (ECF No. 15.) On December 14, 2017, Craig responded to the Order to Show Cause and Tennessee DCS's motion. (ECF No. 18; ECF No. 19.) Both responses now listed the "State of Tennessee Attorney General Office and Reporter" as the defendant. (Id.) On June 19,

---

[2] The summons was signed by Rachael Holloway who was listed as an "addressee" (rather than an "agent") and whose job title with Tennessee DCS was unknown.

2

2018, the Magistrate Judge issued a report that recommended denying Craig's Motion to Amend and ordered Craig to properly effect service by July 19, 2018. (ECF No. 22 at 78.) On July 10, 2018, the Court adopted the Magistrate judge's report. (ECF No. 23 at 84.) On July 20, 2018, the Court dismissed the case without prejudice for insufficient service of process. (ECF No. 26 at 90.)

On July 25, 2018, Craig filed a motion for reconsideration. (ECF No. 29.) She argued that she had sent a copy of the Amended Complaint and Summons to the Tennessee Office of the Attorney General on July 10, 2018, and received a certified mail return receipt that had been signed on July 17, 2018. (Id. at 94, 97.) In support of her argument, Craig attached a copy of the summons and a proof of service. (Id. at 97-98.) The summons named the "State of Tennessee Office of the Attorney General" as defendant. (Id. at 98.) On July 26, 2018, the Court found that Craig had "mailed a copy of the complaint and summons to Defendant on July 10, 2018", granted Craig's Motion for Reconsideration, and reopened the case. (ECF No. 30 at 101-02.)

On August 3, 2018, Tennessee DCS filed a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(5) or, alternatively, a Motion for More Definite Statement under Federal Rule of Civil Procedure 12(e). (ECF No. 31-2 at 115.) Tennessee DCS contended that Craig had failed to follow Federal Rule of Civil

Procedure 4(a)(1) because "the Summons provided failed to name the correct party-defendant and the Amended Complaint accompanying the Summons also failed to name the correct party-defendant." (Id. at 117.) Tennessee DCS attached copies of the Summons and Amended Complaint to its Motion. (ECF No. 31-1.) The Summons names the "State of Tennessee Office of the Attorney General" as the defendant and the Amended Complaint names the "State of Tennessee Attorney General Office and Reporter" as the defendant. (Id. at 105, 107.)

The Magistrate Judge issued the Report on October 4, 2018. (ECF No. 36.) The Report recommends denying the Motion to Dismiss or, Alternatively, Motion for More Definite Statement. Addressing the Motion to Dismiss, the Report recommends denial because:

> [Craig] is proceeding *pro se*, has attempted to direct service to the proper entity, and erroneously also listed the Office of the Attorney General as the defendant. [Craig]'s Amended Complaint clearly sets forth here allegations against [Tennessee] DCS, which is the defendant of record. Further . . . the District Court has concluded that [Craig] has effectuated service in doing so. Thus, the remedy of dismissal is unduly harsh based upon [Craig]'s consistent attempts to properly serve [Tennessee] DCS. (Id. at 138.)

With respect to the Motion for a More Definite Statement, the Report recommends denial because:

> [I]t appears clear to the Court based upon the foregoing that [Craig] is not trying to sue the Office of the Attorney General but merely to serve it consistent with Rule 4(j) of the Federal Rules of Civil Procedure

4

> and Rule 4.04(6) of the Tennessee Rules of Civil Procedure. (Id.)

In its Objection, Tennessee DCS contends that, "[a]lthough the [Report] claims the Court's July 26, 2018 Order ruled [Craig]'s service effective, the actual contents of [Craig's] July 19, 2018 'service' were not before the Court at the time. (ECF No. 37 at 140-41.) Tennessee DCS reiterates that "the summons and amended complaint 'served' upon the Attorney General and Reporter named it, and not [Tennessee] DCS as Defendant to Civil Action No. 2:17-cv-02522" and should therefore be dismissed. (Id.) Tennessee DCS does not object to the Report's conclusion dismissing Tennessee DCS's Motion for a More Definite Statement.

## II. Jurisdiction

The Court has jurisdiction over Craig's claim. Under 28 U.S.C. § 1331, U.S. district courts have original jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States." The Amended Complaint alleges that Tennessee DCS discriminated against Craig in violation of Title VII. (ECF No. 9 at 23.) Craig's claim arises under the laws of the United States.

## III. Standard of Review

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of district-court duties to magistrate judges. See United States v. Curtis,

5

237 F.3d 598, 602 (6th Cir. 2001) (citing Gomez v. United States, 490 U.S. 858, 869-70 (1989)); see also Baker v. Peterson, 67 F. App'x 308, 310 (6th Cir. 2003). For dispositive matters, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." See Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1). After reviewing the evidence, the court is free to accept, reject, or modify the magistrate judge's proposed findings or recommendations. 28 U.S.C. § 636(b)(1). The district court is not required to review -- under a *de novo* or any other standard -- those aspects of the report and recommendation to which no objection is made. Thomas v. Arn, 474 U.S. 140, 150 (1985). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. Id. at 151.

**IV. Analysis**

Under Federal Rule of Civil Procedure 4(a)(1)(A)-(B), a summons must "name the court and the parties" and "be directed to the defendant." Craig did not name Tennessee DCS as the defendant in the Amended Complaint and Summons she served in response to the Court's July 10, 2018 order. Instead, she named the Tennessee Office of the Attorney General. Told that she had sent the Amended Complaint and Summons to the wrong entity when she mailed them to Tennessee DCS instead of to the Tennessee Of-

6

fice of the Attorney General or Tennessee DCS's chief executive officer, Craig appears to have assumed that she should change the defendant's name to match the recipient's. Tennessee DCS asks the Court to dismiss Craig's case because of her mistake.

Under Federal Rule of Civil procedure 4(a)(2), "[t]he court may permit a summons to be amended." When an error in the summons "goes to form rather than substance . . . and the proper defendant receives the original process, realizes it is directed at him, and thus is put on notice of the commencement of the action, there is no reason why a United States district court should refuse to permit" the summons to be amended. 4B Charles Allen Wright & Arthur R. Miller, Federal Practice & Procedure § 1131 (4th ed.). Craig should be permitted to amend the Summons to reflect the proper defendant.

Tennessee DCS also notes that "the Amended Complaint sent to the Office of the Attorney General does not appear in the record of this matter." (ECF No. 31-2 at 117.) The Amended Complaint Tennessee DCS received through the Office of the Attorney General differs in some respects from the Amended Complaint that appears on the docket. The Amended Complaint Tennessee DCS received names "State of Tennessee Office of the Attorney General" as the defendant. (ECF No. 31-1 at 105.) The Amended Complaint on the docket names Tennessee DCS as the defendant. (ECF No. 9 at 21.) The Amended Complaint Tennessee

7

DCS received adds Mary Beth Duke as a defendant. (ECF No. 31-1 at 108.) The Amended Complaint Tennessee DCS received lists only termination of employment as the complained of discriminatory conduct. (Id. at 109.) The Amended Complaint on the docket also includes failure to hire, unequal terms and conditions of employment, and "discrimination." (ECF No. 9 at 23.) The Amended Complaint Tennessee DCS received names only race as a basis of discrimination. (ECF No. 31-1 at 110.) The Amended Complaint on the docket also includes color. (ECF No. 9 at 24.) The documents are identical in all other respects, including the factual narrative.

To the extent Tennessee DCS argues that the Amended Complaint should be dismissed because the copy Tennessee DCS received named the wrong defendant, their argument is not well-taken. "[S]ervice of process is not legally defective simply because the complaint misnames the defendant in some insignificant way." Morrel v. Nationwide Mut. Fire Ins. Co., 188 F.3d 218, 224 (4th Cir. 1999). The Court has previously determined that Tennessee DCS was properly served. (ECF No. 30 at 101.) To the extent there are differences between the Amended Complaint Tennessee DCS received and the one that appears on the docket, the Amended Complaint on the docket governs.

8

**V.  Conclusion**

For the foregoing reasons, the Report's recommendation is ADOPTED.  Tennessee DCS's Motion to Dismiss, or, Alternatively, Motion for More Definite Statement is DENIED.  Craig is ORDERED to amend the Summons to name the proper defendant not later than November 29, 2018.

So ordered this 8th day of November, 2018.

/s/ Samuel H. Mays, Jr.
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE